TALLING v. ELBS et al.

(Supreme Court, Special Term, Monroe County. January 15, 1910.)

CORPORATIONS (§ 621*)—DISSOLUTION—APPOINTMENT OF RECEIVER.

Where a corporation has been dissolved under the statute for voluntary dissolution by two-thirds of the stockholders, there being but three in the company, and two of them owning the majority of the stock have taken possession of the property in the belief that the other stockholder would sell his stock to one of them, and such minority stockholder refuses to sell his shares, and the corporation has a number of claims against one of the stockholders in possession of the property, and the stockholders in possession intend to sell the property, and it will be for the interest of one of them to acquire the assets for himself and continue the business, a receiver for the property of the corporation will be appointed on the petition of the minority stockholder, and the other stockholders will be restrained from interfering with the assets or proceeding with the sale.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 621.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Suit by Frank M. Talling against John G. Elbs and others for the appointment of a temporary receiver of the property of the defendant Star Egg Carrier & Tray Manufacturing Company, and for a temporary injunction restraining defendants Elbs from interfering with the property. Receiver appointed, and injunction granted.

Motion by plaintiff for the appointment of a temporary receiver of the property of the defendant Star Egg Carrier & Tray Manufacturing Company, and for a temporary injunction restraining the defendants Elbs, their agents and servants, from in any manner interfering with the property and assets of said corporation and from using the name of said defendant in any business or from continuing the business of such corporation by themselves as individuals, and for other relief.

McGuire & Wood, for the motion.
James M. E. O'Grady, opposed.

FOOTE, J. The Star Egg Carrier & Tray Manufacturing Company, a domestic business corporation, has been dissolved by proceedings taken under the statute for voluntary dissolution by two-thirds of the stockholders. The plaintiff and the defendants John G. Elbs and Elizabeth Elbs were the only stockholders, and were each directors. The defendant Elizabeth Elbs owns 2 shares, the plaintiff 22 shares, and the remaining 276 shares are owned by the defendant John G. Elbs. The defendant Elizabeth Elbs is the wife of the defendant John G. Elbs, and, as plaintiff claims, has purchased and paid for the 2 shares of his wife, though it is not claimed that they have been actually transferred into his name. The corporation was dissolved on the 15th day of October last, and since that date and down to the commencement of this action on the 22d day of December the defendant John G. Elbs assumed to own all the assets of said corporation and to continue its business under the same corporate name, pursuant to a certificate filed by him in Monroe county clerk's office on or about October 18th, in the form provided by statute, to the effect that he intended thereafter to transact the business as an individual under the assumed business name and designation of Star Egg Carrier & Tray Manufacturing Company. This course seems to have been adopted by the defendant Elbs on the assumption that he had a contract with plaintiff entitling him to purchase plaintiff's shares of the company at par, and that he thereafter had no stockholders to account to, and so that there was no one to object to his appropriating the assets of the corporation to his own use. The assets of the corporation are large, the business is very prosperous, and there are no claims of creditors that need protection.

When the plaintiff refused to recognize the right of defendant Elbs to purchase his shares and this action was begun, the defendant John G. Elbs, who was president of the company, called a meeting of the directors and made provision for an immediate public sale of the assets of the corporation, which is advertised to take place on the 17th of January.

I am satisfied from the complaint and the affidavits presented upon this motion that there are a number of claims against the defendant John G. Elbs in favor of the corporation which plaintiff is entitled to

have enforced for his benefit, if he is entitled to hold his shares and receive his distributive share of the assets as a stockholder, and the proper enforcement and collection of these claims will materially increase the amount to be received by the plaintiff as a stockholder. If the sale which is advertised to take place on the 17th is allowed to proceed, it will be conducted by the defendant John G. Elbs and these disputed claims will be disposed of with the other assets, and, as disputed claims, they will not be salable at their fair value. It will be for the interest of the defendant John G. Elbs at the sale to acquire the assets for himself to continue the business at as low a price as possible; hence, he is not in a position to act impartially as a trustee for the benefit of the plaintiff as a stockholder.

I am not satisfied from the affidavits that the defendant John G. Elbs has such a clear contract right to compel plaintiff to sell his shares as that I should dispose of this motion upon that theory, but the controversy is such a genuine one upon this question that plaintiff's right should be protected, in case it is ultimately held that he is not bound by the alleged contract to dispose of his shares, but is entitled to all the rights of a stockholder in the assets of the company. That protection cannot be given in any other way, it seems to me, than by appointing a receiver of these assets, to the end that any sale which takes place shall be made to produce the full value of the assets, so far as may be, for distribution among the stockholders.

It is objected by the defendants that the court is without power to appoint a receiver under these circumstances, because the statute providing for voluntary dissolution of a corporation vests the assets of the corporation upon dissolution in the directors as trustees, and makes no provision for a receiver. The objection would be a good one, if the application for the appointment of a receiver was made in or as a part of the dissolution proceedings, but the application here is made in an action brought in this court in equity for the express purpose of taking charge of these assets and administering them in the interest of their owners, on the ground that the directors are not in a position to act as impartial trustees of these assets on account of their conflicting personal interests, and it certainly does not need the citation of authority to show that a court of equity has jurisdiction to appoint a receiver of property so situated by virtue of its inherent power. It would not, I think, be a receiver of the corporation, for that is extinct except as the statute has otherwise provided for the benefit of creditors, but it would be a receiver of the assets formerly owned by the corporation and now in the custody of its directors as trustees.

As incident to this receivership, plaintiff is entitled to an injunction restraining the defendants from interfering with these assets or proceeding with the sale, the form of which will be settled in the order to be made.